UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>STEPHEN M. KELLY, SUSAN S. CRANE, WILLIAM J. BICHSEL, ANNE MONTGOMERY, and LYNNE T. GREENWALD,<br><br>          Defendants. | CASE NO. CR10-5586BHS<br><br>ORDER |

This matter comes before the Court on Defendants' motion to immediately dismiss charges against them and their expanded motion to dismiss charges. (Dkts. 45, 59). The Court has considered the motions and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 2, 2010, a grand jury returned an indictment as to Defendants. Dkt. 1. On October 8, 2010, Defendants moved the Court to immediately dismiss the charges. Dkt. 45. On December 18, 2010, the United States responded in opposition to the motion to immediately dismiss charges. Dkt. 58.

On October 29, 2010, Defendants filed a second motion to dismiss. Dkt. 59. On November 11, 2010, the United States responded in opposition to the second motion to dismiss. Dkt. 64.

ORDER – 1

On November 16, 2010, the Court held a hearing in this matter and granted leave for Defendants to reply to the United States' responses by November 19, 2010. Defendants replied.

On November 22, 2010, the Court held a pretrial conference. After hearing oral argument on the instant motions to dismiss, the Court orally denied Defendants' motions to dismiss (Dkts. 45, 59), noting that this written order would follow.

## FACTUAL BACKGROUND

The facts giving rise to the counts charged against Defendants are largely undisputed. On November 2, 2009, Defendants entered the Bangor Naval Base. Thereon they used bolt cutters to create a hole in a chain-link fence that surrounds the base's exterior perimeter, which they then entered. After entering the base, Defendants walked to a secondary fence line that surrounds the Main Limited Area of the Strategic Weapons Facility-Pacific (the "MLA"). The MLA is surrounded by two fences. A sign on the outer fence of the MLA warns that lethal force may be used upon those who enter. Defendants, again using bolt cutters, cut through the fences to enter the MLA. Once inside the MLA, Defendants engaged in some form of demonstration. Ultimately, the five Defendants were apprehended and removed from the site through the fence holes they created.

Based on the foregoing, the United States is prosecuting the Defendants on four counts following a grand jury indictment. The indictment of the Defendants charges the Defendants as follows: (1) conspiracy, in violation of Title 18 U.S.C. § 371 (count 1); (2) trespassing on Naval Base Kitsap, a United States Naval installation, in violation of 18 U.S.C. § 1382 (counts 2 and 3); (3) destroying property within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1363 (count 4); and (4) committing a depredation against property of the United States having a value in excess of $1,000, in violation of 18 U.S.C. § 1361 (count 5).

ORDER – 2

## III. DISCUSSION

Defendants argue that the application of international law and the defense of necessity require the Court to dismiss the charges against them. *See, e.g.,* Dkt. 59 ¶¶ 8, 11. Alternatively, they move the Court for an order to permit Defendants to introduce, at trial, evidence and testimony regarding these defenses.

In opposition, the United States contends the defenses of international law and necessity do not apply or are unavailable to Defendants in this case. Dkt. 64. The United States also requests that the Court enter an order that excludes any evidence or testimony pertaining to international law or the defense of necessity. *Id.*

**A.  International Law, the "Nuremberg Defense"**

Defendants assert that international law requires dismissal of the charges brought against them for their actions, admittedly taken to "accelerate the disarmament of illegal nuclear weapons of mass destruction," Dkt. 59 ¶ 11. This is the so-called "Nuremberg Defense." However, Defendants have not established that international law applies or that such a defense is available.

Indeed, the federal courts in this Circuit and others have uniformly rejected such a defense. *United States v. Kabat*, 797 F.2d 580, 590 (8th Cir. 1986) (rejecting defendants reason that "they cannot be prosecuted pursuant to the various sections of the U.S. Code because they had a duty to violate domestic law to prevent the continuing international violations allegedly represented by U.S. nuclear policy); *United States v. Broadhead*, 714 F. Supp. 593, 597-598 (D. Mass 1989) (same);  *United States v. Montgomery*, 772 F.2d 733, 737 (11th Cir. 1985); *United States v. Lowe*, 654 F.2d at 566-67; *United States v. May*, 622 F.2d 1000, 1009 (9th Cir.), *cert. denied*, 449 U.S. 984 (1980).

Following this precedent, the Court denies Defendants' motion to dismiss the claims against them on the basis of international law.

ORDER – 3

**B.     The Necessity Defense**

Defendants assert that they engaged in the conduct at issue "out of necessity to point out the extreme dangers and criminal acts inherent" in the United States keeping nuclear weapons.

Generally, in asserting a defense, "[i]t is sufficient that the defendant have shown an 'underlying evidentiary foundation' as to each element of the defense, 'regardless of how weak, inconsistent or dubious' the evidence on a given point may seem." *Kabat*, 797 F.2d at 590-91 (quoting *United States v. Goss*, 650 F.2d 1336, 1345 (5th Cir. 1981)). Nonetheless, federal courts generally preclude political necessity arguments and their presentation at trial on grounds that such a defense fails to raise any "underlying evidentiary foundation." *Broadhead*, 714 F. Supp. At 596. The Ninth Circuit has established the basis on which a district court can bar the necessity defense:

> A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985). To invoke the necessity defense, therefore, the defendants colorably must have shown that: (1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law. *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989), *cert. denied*, 498 U.S. 1046 (1991).

*United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991). *See also, e.g., United States v. Cassidy*, 616 F.2d 101, 102 (4th Cir. 1979); *Broadhead*, 714 F. Supp. At 597 (citing *United States v. Bailey*, 444 U.S. 394 (1980) ("defense of necessity recognized when defendant reasonably believed criminal conduct was necessary to prevent a more serious harm, *and when no reasonable legal alternative existed*") (emphasis added).

In political protest cases, as is the case here, the Ninth Circuit consistently upholds the exclusion of the necessity defense. *See, e.g., United States v. Dorrell*, 758 F.2d 427, 431-434 (9th Cir. 1985); *see also United states v. May*, 622 F.2d 1000 (9th Cir.), *cert. Denied*, 449 U.S. 984 (1980). In *May*, the defendants entered a Naval submarine base to protest the Trident missile system. The *May* court affirmed the district court's exclusion

ORDER – 4

of the necessity defense "because there was no reasonable belief that a direct consequence of their actions would be the termination of the Trident program." *Dorrell*, 758 F.2d at 433 (quoting *May*, 622 F.2d at 1008).

Similarly here, Defendants entered the Bangor Naval base, admittedly to symbolically disarm Trident warheads. Defendants, like those in *May*, have not established evidence that could support a reasonable belief that such action would result in the Trident program, alter the United States defense strategy, or have cause any reduction in the risk of nuclear war. Defendants have not established the existence of imminent harm at the time they attempted to symbolically disarm nuclear weapons kept at the Bangor base. Defendants also have not established that legal alternatives were not available to them.

Thus, for these reasons, Defendants have not satisfied the elements needed to establish the defense of necessity or that it would even be available in a case such as this.

**C.    Motion In Limine**

Defendants move the court, notwithstanding its denial of their motion to dismiss, to permit evidence and testimony at trail regarding international law and the necessity of their alleged actions. In opposition, the United States requested the exclusion of such evidence and testimony. Such is more properly the subject of a motion in limine.

Although Defendants are entitled to put on a defense, it must be legally cognizable. That is, if Defendants theory the facts that support such a theory are "insufficient as a matter of law to support the proffered defense, then the trial court should exclude the defense and the evidence offered in support" thereof. *Dorrell*, 758 F.2d at 430.

Based on the foregoing, the United States may move in limine to exclude, among other things, evidence and testimony at trial regarding international law and the necessity defense. If the United States chooses to do so it may submit a motion in limine on or before November 26, 2010, not to exceed three pages. Each Defendant may respond on

ORDER – 5

or before November 30, 2010, not to exceed three pages. The United States may reply on December 1, 2010, not to exceed three pages.

**D.     Conclusion**

Based on the evidence proffered by Defendants thus far and the precedent on point, the Court denies Defendants motions to dismiss the charges against them.

Further, to the extent Defendants claim other bases on which the charges against them should be dismissed (i.e., in ability to prove essential elements of charges), the Court is satisfied that the United States has sufficient evidence to proceed in its prosecution of Defendants on each of the four counts charged in the indictment (Dkt. 1). Whether Defendants are guilty of these charges remains a question for the Jury.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants motions to dismiss (Dkts. 45, 59) are **DENIED** as discussed herein.

DATED this 22nd day of November, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge